**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| IN RE: | * | |
| | * | |
| PETITIONS FOR WRITS OF | * | MISC. NO. 00–308 |
| HABEAS CORPUS – ALIEN DETAINEE | * | |
| | * | |
| | ******* | |

**SECOND AMENDED STANDING ORDER 2025–01**

    The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Further, the Supreme Court has long recognized that "[u]ntil its judgment declining jurisdiction should be announced, [a court] ha[s] authority, from the necessity of the case, to make orders to preserve the existing conditions and subject of the petition." United States v. Shipp, 203 U.S. 563, 573 (1906). The recent influx of habeas petitions concerning alien detainees purportedly subject to improper and imminent removal from the United States that have been filed after normal court hours and on weekends and holidays has created scheduling difficulties and resulted in hurried and frustrating hearings in that obtaining clear and concrete information about the location and status of the petitioners is elusive. These practical and factual challenges significantly burden the Court's ability to determine its jurisdiction over the petition. Accordingly, in order to preserve existing conditions and the potential jurisdiction of this Court over pending matters while the Court determines the scope of its authority to grant the requested relief; to ensure Petitioners are able to participate in the adjudication of their requests for habeas relief, including participation in court proceedings and access to legal counsel for such purposes; to ensure the Court is able to evaluate their respective claims for relief based on their in–court testimony that may be offered; and to ensure the Government has a fulsome opportunity to brief and present arguments in its defense, it is hereby

    ORDERED by the United States District Court for the District of Maryland that, upon the request of Petitioner, and after the filing of (1) a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on behalf of an alien detainee located in the District of Maryland, (2) the Petitioner's full name and A#, either in the Petition or in a separate sealed filing, and (3) a certification under Fed. R. Civ. P. 11 that the Petitioner is presently detained in Maryland, that emergency relief is necessary, and that the Court has subject–matter jurisdiction over the Petition, the Clerk is directed to docket this Order in the case and simultaneously send a copy of this Order, the Petition, and the Petitioner's full name and A# to the Chief and Deputy Chief of the Civil Division of the United States Attorney's Office for the District of Maryland, and then file a Notice that the documents have been transmitted, The Clerk shall not docket this Order in a Petitioner's case until all the requirements listed in this paragraph have been met; and it is further

    ORDERED that effective upon the filing of the notice that these documents have been transmitted to the Chief and Deputy Chief of the Civil Division, this Order SUSPENDS the authority of Government/Respondents, including all those acting for them or on their behalf, to remove Petitioner from the continental United States, and SUSPENDS the effect of any change of the Petitioner's legal status that may deprive this Court of subject–matter jurisdiction over the Petition. This Order shall remain in effect until 4:00 p.m. on the second business day after the filing of the Notice The presiding judge may extend or shorten this interval by separate order in an individual case to the extent more or less time is necessary "to make an intelligent decision on" the requested emergency relief. United States v. Texas, 144 S.Ct. 797, 799 (2024) (Barrett, J., concurring). The presiding judge may also dissolve the Order entirely upon good cause shown by the Government/Respondents; and it is further

    ORDERED that Government/Respondents shall notify appropriate officials of this Order promptly and provide all necessary information and documents to effectuate compliance with this Order.

Date: <u>December 1, 2025</u>                      _____/s/_____
                                                                                             George L. Russell III, Chief Judge
                                                                                             United States District Court